IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MR. CRAIG DORSEY, ET AL.  :
:
v.  : Civil No. CCB-10-92
:
THE GREENE TURTLE FRANCHISING,  :
CORP., ET AL.  :
:
…o0o…

## MEMORANDUM

Multiple motions and memoranda have been filed in this collective action case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). An initial motion for leave to conduct limited discovery now appears moot. Plaintiffs Craig Dorsey and Simone Nathaniel also have filed a motion for conditional certification and, most recently, a motion to equitably toll the statute of limitations. For the reasons that follow, the motion for conditional certification will be granted, and the other motions will be denied.

Dorsey and Nathaniel are former employees of a Greene Turtle restaurant/bar at BWI airport. Supported by a paystub and affidavit from Dorsey and an affidavit from a former assistant manager at Greene Turtle locations in both BWI and Verizon Center, they allege that their employer took a tip credit against the minimum wage (as permitted by law) but failed to inform them that it was doing so, as required by 29 U.S.C. § 203(m). *See Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977); *see also Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992); *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 809 (W.D. Tex. 2008); *Chu Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002). Failure to inform the employee may subject the employer to liability even if the wages paid plus the

1

employees' tips in fact met or exceeded the minimum wage applicable. *See Richard*, 549 F.3d at 305.[1]

Collective action certification under the FLSA may be appropriate where potential class members are "similarly situated," in that they are victims of a common policy, scheme, or plan that violated the law. *Marroquin v. Canales*, 236 F.R.D. 257, 260 (D.Md. 2006). The burden is on the plaintiff to make this preliminary factual showing by affidavits or other means. *Williams v. Long*, 585 F. Supp. 2d 679, 683 (D. Md. 2008); *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008).

It appears from the plaintiffs' affidavits as well as the defendants' answer and the affidavit of Michael Sanford, CEO of The Green Turtle Franchising Corp., that there are eight to twelve Greene Turtle restaurants in Maryland and nearby in Delaware and DC; approximately eight are wholly-owned subsidiaries of defendant The Greene Turtle Franchising Corp. ("GTFC") and others are separately incorporated, primarily because of local liquor licensing laws. Defendant TGT Consulting, LLC ("TGT") is owned by GTFC and provides payroll services to the Greene Turtle restaurants. Standard hiring procedures are followed, and a standard franchise operations manual applies. (*See* Pltfs.' Mot. for Certif., Ex. 1, 2). It also appears that the plaintiffs, and other similarly situated employees, may not have been informed that a tip credit was taken against the applicable minimum wage. (*See, id.* at Ex. 5, 6).

The defendants' opposition to the plaintiffs' motion consists primarily of disagreement with the notion that any additional wage liability should result from a "failure to inform" where the employees have in fact received the minimum wage (or more) and been permitted to retain

---

[1] The plaintiffs also assert overtime claims for wages owed either as a result of the failure to inform (Count 2) or as a result of a payroll system error (Count 3).

all their tips.[2]  While this may be understandable, it is not sufficient to defeat conditional certification and appears contrary to Fourth Circuit and other precedent.  Without determining whether the plaintiffs ultimately will prevail, nor attempting to define the parameters of the statutory duty to "inform," the court finds the standards for conditional certification have been met.  Court-facilitated notice to the 100 or more "tipped employees" working in the various Greene Turtle restaurants (see Defs.' Answer to Am. Compl. ¶ 10), is warranted to enable additional prospective plaintiffs to opt-in before the statute of limitations has run on whatever claim they may have.  In that regard, the short form of notice proposed by the plaintiffs appears reasonable, but the longer document contains calculations and descriptions of the case which extend beyond what the court should endorse at this time.  Counsel will be contacted for a conference call to finalize the short form of notice; the methods to be used, such as mail, email, and posting; and the form of the Opt-In notice.  (See Pltfs' Mot. For Certif. at 17-19).

       A separate Order follows.


September 14, 2010                                                 /s/
      Date                                                           Catherine C. Blake
                                                                        United States District Judge

---

[2]  The defendants appear to admit an overtime violation but believe it is "de minimis."